# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:23-cv-2-KDB
# (5:20-cr-97-KDB-DCK-1)

| | |
|---|---|
| ALEEF JAMAR NICKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion for Extension of Time [Doc. 2] and Motion for Discovery [Doc. 3].

On July 21, 2020, the Petitioner was charged by Indictment in Case No. 3:20-cr-239-FDW with possession of a firearm by a convicted felon. [3:20-cr-239, Doc. 3]. On November 16, 2020, the Petitioner was charged by Bill of Information in the case underlying the instant § 2255 proceeding, Case No. 5:20-cr-97-KDB, with possession with intent to distribute cocaine (Count One) and possession of a firearm by a convicted felon (Count Two). [5:20-cr-97 ("CR") Doc. 1]. Defense counsel filed a Plea Agreement and Factual Basis on November 16, 2020; counsel filed a Waiver of Indictment and a magistrate judge accepted Petitioner's guilty plea on November 20, 2020; and the Court entered the Judgment on February 25, 2021. [CR Docs. 2, 3, 5, 6, 21]. Meanwhile, on December 17, 2020, the United States moved to dismiss the Indictment in Case No. 3:20-cr-239 because the Petitioner had pleaded guilty in Case No. 5:20-cr-97, a "related case." [3:20-cr-239, Doc. 18; see also Doc. 19 (Order granting Motion to Dismiss)].

The Petitioner filed the *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 in the instant

1

case on January 6, 2023.[1] [Doc. 1]. He raises claims that trial and appellate counsel provided ineffective assistance, and that he is actually innocent of Count Two pursuant to an intervening change of law. He asks the Court to: vacate his sentence or conviction, or permit him to withdraw his guilty plea; schedule an evidentiary hearing; and grant any other relief to which he may be entitled. [Id. at 23].

First, the Petitioner seeks 30-day extension of time within which to file a brief in support of his Motion to Vacate. [Doc. 2]. He argues that his claims are complex and that he has limited access to the prison's law library. The Petitioner's Motion is granted insofar as he will be granted a brief extension of time within which to file a brief in support of his Motion to Vacate, of up to 25 pages in length. See generally LCvR 7.1(d) (generally limiting briefs in support of motions to 25 pages). However, the Petitioner is cautioned that piecemeal pleading will not be permitted; if he wishes to amend his § 2255 claims, he must do so in a superseding Amended Motion to Vacate, subject to all timeliness and procedural requirements. See generally Fed. R. Civ. P. 15. Should he attempt to improperly amend his Motion to Vacate by way of his supporting brief, the brief may be stricken. If the Petitioner does not file a supporting brief within 30 days in accordance with this Order, the matter will proceed on the Motion to Vacate as originally filed. [Doc. 1].

Second, the Petitioner seeks discovery of grand jury materials from Case No. 3:20-cr-239. [Doc. 3]. He argues that the grand jury minutes, grand jury transcripts, and the charging document that was presented to the grand jury in Case No. 3:20-cr-239 would provide "critical evidence" in support of the Motion to Vacate in the instant case. [Id. at 2]. He contends that these materials would reveal whether the United States attempted to indict him for possession with intent to

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

distribute cocaine in Case No. 3:20-cr-239. He reasons that, if the grand jury refused to indict him on that offense in Case No. 3:20-cr-239, such refusal "will somewhat approve or disapprove" that counsel's advice to plead guilty to the cocaine possession charge in Case No. 5:20-cr-97, was ineffective. [Id. at 4].

Rule 6 of the Rules Governing § 2255 Proceedings provides that a judge may, for "good cause," authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. Rule 6(a), 28 U.S.C. foll. § 2255. A party requesting discovery in a § 2255 proceeding must provide reasons for the request, include any proposed interrogatories, requests for admission, and specify any requested documents. Rule 6(b), 28 U.S.C. foll. § 2255. Moreover, the proper function of the grand jury system depends on the secrecy of grand jury proceedings. See, e.g.. United States v. Procter & Gamble, Co., 356 U.S. 677, 281-82 n.6 (1958). A party seeking the disclosure of grand jury records must, therefore, make a "strong showing of particularized need" that is greater than the need for continued secrecy. United States v. Sells Eng'g, Inc., 463 U.S. 418, 443 (1983); see Douglas Oil Co. of Cal. v. Petrol Stops Northwest, 441 U.S. 211, 217-224; Fed. R. Crim. P. 6(e).

Petitioner has failed to demonstrate good cause for his discovery requests, much less the existence of a particularized need that would warrant breaching the secrecy of grand jury proceedings. His speculation about what might have happened before a grand jury in a separate case, and whether such may somehow cast doubt on counsel's performance in a separate case in which he pleaded guilty, are insufficient. See United States v. Chase, 372 F.2d 453, 466 (4th Cir. 1967) ("the mere possibility that [a witness's] testimony before a grand jury differed from his testimony at trial, would be insufficient reason to pierce the veil of secrecy that protects the proceedings of such a body"); Strickler v. Greene, 527 U.S. 263, 286 (1999) ("Mere speculation"

is insufficient to support a discovery request on collateral review). Accordingly, the Motion seeking discovery is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's pro se Motion for Extension of Time [Doc. 2] is **GRANTED** insofar as Petitioner may file a brief in support of his Motion to Vacate within 30 days, as described in this Order.

2. Petitioner's Motion for Discovery [Doc. 3] is **DENIED**.

Signed: January 11, 2023

Kenneth D. Bell
United States District Judge